PETER BISNO, ESQ. (SBN 85943)
pbisno@bisnolaw.com
DENNETTE MULVANEY, ESQ. (SBN 133423)
dmulvaney@bisnolaw.com
BISNO MULVANEY LLP
15760 Ventura Blvd., Suite 1200
Encino, CA 91436-3042
Telephone: (818) 657-0300
Facsimile: (818) 657-0313

Attorneys for Plaintiffs INTER/MEDIA TIME BUYING CORPORATION, MEDIAPOINT NETWORK, INC., INTER/IMAGE PRODUCTIONS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTER/MEDIA TIME BUYING CORPORATION, a California Corporation; MEDIAPOINT NETWORK, INC., a California Corporation; and INTER/IMAGE PRODUCTIONS, INC., a California Corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> PMA MEDIA GROUP, INC., a Utah Corporation, individually and doing business as HIGH INTENT MARKETING; CARD LIMITED, LLC, a Utah Limited Liability Company, formerly known as CARD LIMITED, LLC, a Florida Limited Liability Company, formerly known as CARD LIMITED CORP., a Florida Corporation; and DOES 1 THROUGH 10, INCLUSIVE, <br><br> Defendants. | Civ. Case No. 2:17-cv-08630-ODW-GJS <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> **1. BREACH OF WRITTEN CONTRACT** <br><br> **2. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING** <br><br> **3. BREACH OF ORAL CONTRACT** <br><br> **4. ACCOUNT STATED** <br><br> **5. OPEN BOOK ACCOUNT** <br><br> **6. QUANTUM MERUIT** <br><br> State Court- LASC Case No. LC106336 <br> Removal Date: November 29, 2017 |

Plaintiff INTER/MEDIA TIME BUYING CORPORATION, a California

Corporation, Plaintiff MEDIAPOINT NETWORK, INC., a California

Corporation, and Plaintiff INTER/IMAGE PRODUCTIONS, INC., a California

**FIRST AMENDED COMPLAINT**

Corporation, collectively sometimes referred to as "Plaintiffs", by and through their undersigned attorneys allege as follows:

## JURISDICTION AND VENUE

1. This civil action was removed by Defendants from State Court to this Court on November 29, 2017 pursuant to the provisions 28 U.S.C. §1441(b). The State Court case was pending in the County of Los Angeles as Case No. LC106336. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. §1332. No defendant is a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C § 1391, in that the plaintiffs reside in this district, the defendants transact business in this district, and a substantial part of the events or omissions giving rise to plaintiffs' claim occurred in this district.

## PARTIES

2. Plaintiff INTER/MEDIA TIME BUYING CORPORATION is a California corporation ("Plaintiff INTER/MEDIA") with its principal office located at 22120 Clarendon Street, Suite 300, Woodland Hills CA 91367.

3. Plaintiff MEDIAPOINT NETWORK, INC. is a California corporation ("Plaintiff MEDIAPOINT") with its principal office located at 22120 Clarendon Street, Suite 300, Woodland Hills CA 91367.

4. Plaintiff INTER/IMAGE PRODUCTIONS, INC. is a California corporation ("Plaintiff INTER/IMAGE") with its principal office located at 22120 Clarendon Street, Suite 300, Woodland Hills, CA 91367.

5. Upon information and belief, Defendant PMA MEDIA GROUP, INC. is a Utah corporation that is also doing business as HIGH INTENT MARKETING ("Defendant PMA") and has its principal office located at 3300 N. Ashton Boulevard, Suite 200, Lehi, UT 84043.

6. Upon information and belief, Defendant CARD LIMITED, LLC is a Utah limited liability company that was formerly known as and/or doing business as CARD LIMITED, LLC, a Florida limited liability company, was formerly known as and/or doing business as CARD LIMITED CORP., a Florida corporation ("Defendant CARD LIMITED") and has its principal office located at 3300 N. Ashton Boulevard, Suite 200, Lehi, UT 84043.

7. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. Defendant PMA, Defendant CARD LIMITED, and fictitiously named defendants DOES 1 through 10 are collectively sometimes referred to as "Defendants".

## GENERAL ALLEGATIONS

8. At all material times hereto, Plaintiff INTER/MEDIA was and is a California corporation engaged in the advertising, media time buying, production, direct response advertising, and related business activities, in the City and County of Los Angeles, State of California. Plaintiff INTER/MEDIA owns, operates, or is otherwise associated with numerous subsidiary companies that provide services to its clients. References to Plaintiff(s) and "INTER/MEDIA" through this Complaint refer to Inter/Media Time Buying Corporation including its subsidiary companies and related companies, which include without limitation, Plaintiff MEDIAPOINT, Plaintiff INTER/IMAGE, and others. Plaintiff INTER/MEDIA, Plaintiff MEDIAPOINT, and Plaintiff INTER/IMAGE are referred to collectively as Plaintiffs throughout this Complaint.

9. At all material times hereto, Plaintiff MEDIAPOINT was and is a California corporation engaged in the business of direct response advertising, and related business activities, in the City and County of Los Angeles, State of California.

10. At all material times hereto, Plaintiff INTER/IMAGE was and is a California corporation engaged in the business of creation and production of radio and television commercials, including without limitation, their duplication and distribution and other related activities.

11. Plaintiffs are informed and believe, and based thereon allege that, at all material times hereto, (a) Defendants PMA MEDIA GROUP, INC., a Utah Corporation, individually and doing business as HIGH INTENT MARKETING, (b) CARD LIMITED, LLC, a Utah Limited Liability Company, formerly known as CARD LIMITED, LLC, a Florida Limited Liability Company, formerly known as CARD LIMITED CORP., a Florida Corporation, and (c) Does 4-8 are and were business entities doing business in the City of Los Angeles, County of Los Angeles, State of California.

12. Plaintiffs are informed and believe, and therefore allege that Defendants PMA MEDIA GROUP, INC., a Utah Corporation, individually and doing business as (a) HIGH INTENT MARKETING, (b) CARD LIMITED, LLC, a Utah Limited Liability Company, formerly known as CARD LIMITED, LLC, a Florida Limited Liability Company, formerly known as CARD LIMITED CORP., a Florida Corporation, and (c) DOES 6-10 are related companies, subsidiaries, affiliates, or divisions of Defendant PMA MEDIA GROUP, INC.

13. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are further informed and believe, and thereon allege, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by their conduct.

14. Plaintiffs are informed and believes, and based thereon allege, that at all times material hereto, each Defendant was the agent, servant, authorized

BISNO MULVANEY, LLP
15760 Ventura Blvd., Suite 1200
Encino, California 91436

1 representative, employee, joint venturer, joint owner, and/or co-conspirator of
2 each Co-Defendant, and in doing the things and acts herein alleged, was acting
3 within the course and scope of that agency, servitude, representation, employment
4 and/or conspiracy, and further, that each Defendant has ratified and/or endorsed
5 the acts of each remaining Co-Defendant.

6     15. Plaintiffs are informed and believes, and based thereon allege, that at
7 all times material hereto, a unity of interest and ownership existed between each of
8 the Defendants such that any individuality and separateness between the corporate
9 Defendants and the individual Defendants, has ceased, and each Defendant was
10 and is the alter ego of each other Defendant.

11     16. The acts, events, contracts and/or breaches of contract herein alleged
12 occurred in the judicial district of this Court.

13     17. This action is not subject to the provisions California Civil Code,
14 §1812.10 and/or §2984.4 and/or California Code of Civil Procedure, §395(b).

15

16 **CAUSES OF ACTION**
17 **FIRST CAUSE OF ACTION**
18 **(Breach of Written Contract against Defendants and Each of Them)**

19     18. Plaintiffs repeat and reallege each and all of the allegations of
20 paragraphs 1 through 17, inclusive, and incorporates those allegations at this place
21 by this reference as though set forth in full.

22     19. Plaintiffs and Defendants entered into a written agreement, dated
23 February 12, 2013, entitled "PMA MEDIA GROUP-INTER/MEDIA MASTER
24 ADVERTISING AND RELATED SERVICES AGREEMENT" ("Master
25 Agreement"). A true and correct copy of the Master Agreement is attached hereto
26 as Exhibit "1" and incorporated herein by this reference as though set forth in full.
27 In the Master Agreement, Plaintiffs were to provide various advertising services
28 including television advertising, radio advertising, online advertising, off line

advertising, and per inquiry media advertising, as well as creative services, production, and related services for Defendants who would pay for said services when invoiced.  The Master Agreement specified that attorneys fees would be paid to the prevailing party by the non-prevailing party should litigation be commenced between the parties concerning the Master Agreement.

20.     On or about September 18, 2013, an agreement entitled "Cost Per Acquisition Performance and Related Services Agreement" was entered into by and between Plaintiff MEDIAPOINT on the one hand and Defendants on the other hand.  Multiple Addendums to the Cost Per Acquisition Performance and Related Services Agreement were entered into during 2013 and 2014.  (The Cost Per Acquisition Performance and Related Services Agreement and the Addendums thereto are collective referred to herein as the  "Cost Per Acquisition Agreement").  A true and correct copy of the Cost Per Acquisition Agreement is attached hereto as Exhibit "2" and incorporated herein by this reference as though set forth in full.  The Cost Per Acquisition Agreement provided for ads to be placed by Plaintiff MEDIAPOINT and Defendants to pay for such ads, upon being invoiced.  The invoice amount was calculated based on the number of leads that responded to each ad.  This is known as per inquiry advertising and billing.  The Cost Per Acquisition Agreement, along with its addendums, sets forth the definition of a "lead" and the cost per lead.  The Cost Per Acquisition Agreement also provided that in the event of litigation between the parties, the prevailing party would be entitled to attorneys fees from the non-prevailing party.

21.     On or about July 10, 2013, an agreement was entered into by and between Plaintiff INTER/IMAGE on the one hand and Defendants on the other, entitled "Buyright Visa Card- Inter/Image Production Agreement" ("Inter/Image Agreement").  A true and correct copy of pertinent portions of the Inter/Image Agreement is attached hereto as Exhibit "3" and incorporated herein by this

reference as though set forth in full.[1] The Inter/Image Agreement also provided that in the event of litigation between the parties, the prevailing party would be entitled to attorneys fees from the non-prevailing party.

22. The Master Agreement, Cost Per Acquisition Agreement, and Inter/Image Agreement are referred to collectively as the "Written Agreement".

23. Plaintiffs have performed all of the terms, conditions, and obligations on its part to be performed pursuant to the Written Agreement, except those things excused, waived and/or made impossible by the conduct of the Defendants.

24. Within four (4) years last past, the Defendants breached the Written Agreement by failing to timely make the payments due to Plaintiffs as required by the Written Agreement, although timely demand therefore has been made by Plaintiff.

25. As a direct and proximate result of the Defendants' conduct as stated above, Plaintiffs have been damaged as follows:

    A. Plaintiff MEDIAPOINT: $96,306.00
    B. Plaintiff INTER/MEDIA: $467.36
    C. Plaintiff INTER/IMAGE: $2,754.25

plus interest, attorneys fees and costs, according to proof at the time of trial. These amounts do not include interest, and are set forth in the chart attached hereto as Exhibit "4" and incorporated herein by this reference as if set forth in full.

26. Plaintiffs are entitled to litigation costs and attorneys fees and interest pursuant to the Written Agreement, in a sum according to proof at the time of trial.

---

[1] The document attached as "Exhibit B" to the Inter/Image Agreement, consisting of 8 pages and described as "Working Scripts and Storyboards to Date", was omitted from Exhibit "3".

## SECOND CAUSE OF ACTION

### (Breach of Oral Contract against Defendants and Each of Them)

27. Plaintiffs repeat and reallege each and all of the allegations of paragraphs 1 through 17, inclusive, and incorporates those allegations at this place by this reference as though set forth in full.

28. Plaintiffs and Defendants entered into multiple oral agreements in which Plaintiffs agreed to provide various advertising services including television advertising, radio advertising , online advertising, off line advertising, production services, and per inquiry media advertising, as well as creative services, production, and related services to Defendants and Defendants agreed to pay for said services upon being invoiced.

29. Plaintiffs have performed all of the terms, conditions, and obligations on its part to be performed pursuant to the oral agreements except those things excused, waived and/or made impossible by the conduct of the Defendants.

30. Within two (2) years last past, the Defendants breached the oral agreements by failing to timely make the payments due to Plaintiffs as required by the oral agreements and as evidenced by the invoices to Defendants, although timely demand therefore has been made by Plaintiff.

31. As a direct and proximate result of the Defendants' conduct as stated above, Plaintiffs have been damaged as follows:

    A.    Plaintiff MEDIAPOINT:    $96,306.00

    B.    Plaintiff INTER/MEDIA:    $467.36

    C.    Plaintiff INTER/IMAGE:    $2,754.25

plus interest, attorneys fees and costs, according to proof at the time of trial. These amounts do not include interest, and are set forth in the chart attached hereto as Exhibit "4" and incorporated by reference as if full set forth herein.

32. Plaintiffs are entitled to litigation costs and attorneys fees and interest pursuant to the oral agreements in a sum according to proof at the time of trial.

## THIRD CAUSE OF ACTION

**(Implied in Fact Contract against Defendants and Each of Them)**

33. Plaintiffs repeat and reallege each and all of the allegations of paragraphs 1 through 32, inclusive, and incorporates those allegations at this place by this reference as though set forth in full.

34. The circumstances giving rise to the invoicing of Defendants, the providing of services to Defendants, and the acceptance of those services by the Defendants and the detrimental reliance thereon by Plaintiffs, constitute an implied in fact contract, for Plaintiffs to provide the subject services, and to be paid in the amounts set forth in the invoices sent to Defendants. The failure to pay such invoices in full constitutes a breach of Defendants' implied promise to do so, and constitutes a breach of contract.

35. As a proximate result thereof, Plaintiff has been damaged as follows:

   A. Plaintiff MEDIAPOINT: $96,306.00
   B. Plaintiff INTER/MEDIA: $467.36
   C. Plaintiff INTER/IMAGE: $2,754.25

plus interest, attorneys fees and costs, according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

**(Account Stated Against Defendants and Each of Them)**

36. Plaintiffs repeat and reallege each and all of the allegations of paragraphs 1 to 35 inclusive, and incorporates those allegations at this place by this reference as though set forth in full.

37. Within four (4) years prior to the commencement of this action at Woodland Hills, California, an account was stated in writing by and between Plaintiffs and Defendants and each of them, wherein it was agreed that the Defendants were indebted to Plaintiffs as follows:

| | A. | Plaintiff MEDIAPOINT: | $96,306.00 |
|---|---|---|---|
| | B. | Plaintiff INTER/MEDIA: | $467.36 |
| | C. | Plaintiff INTER/IMAGE: | $2,754.25 |

plus interest, attorneys fees and costs, according to proof at the time of trial.

38. No part of said sums have been paid by the Defendants, although demand therefore has been made by Plaintiffs, and there is now due, owing, and unpaid from the Defendants to Plaintiffs the sums set forth in the preceding paragraph, together with interest thereon at the legal rate according to proof at the time of trial and statutory attorneys fees based on this common count.

## FIFTH CAUSE OF ACTION
### (Open Book Account Against Defendants and Each of Them)

39. Plaintiffs repeat and reallege each and all of the allegations of paragraphs 1 through 38, inclusive, and incorporates those allegations at this place by this reference as though set forth in full.

40. Within four (4) years prior to the commencement of this action at Woodland Hills, California, Defendants and each of them became indebted to Plaintiff on an open book account for money due from Defendants and each of them, wherein it was agreed that the Defendants were indebted to Plaintiff in the sum of $99,527.61.

41. No part of the sum of $99,527.61 has been paid by the Defendants, although demand therefore has been made by Plaintiff, and there is now due, owing, and unpaid from the Defendants to Plaintiff the sum of $99,527.61, together with interest thereon at the legal rate according to proof at the time of trial and statutory attorneys fees based on this common count.

## SIXTH CAUSE OF ACTION
## (QUANTUM MERUIT)

42. Plaintiffs repeat and reallege each and all of the allegations of paragraphs 1 through 41 inclusive, and incorporates those allegations at this place by this reference as though set forth in full.

43. Within four (4) years prior to the commencement of this action at Woodland Hills, California, Defendants and each of them became indebted to Plaintiff for work, labor, services and materials rendered at the special instance and request of Defendant, and for which Defendant promised to pay Plaintiff. The reasonable value of these services is $99,527.61.

44. No part of the sum of $99,527.61 has been paid by the Defendants, although demand therefore has been made by Plaintiff, and there is now due, owing, and unpaid from the Defendants to Plaintiff the sum of $99,527.61, together with interest thereon at the legal rate according to proof at the time of trial and statutory attorneys fees based on this common count.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

ON THE FIRST CAUSE OF ACTION

1. For the principal sum of $99,527.61 against Defendants and each of them, together with interest thereon at the legal rate;

2. For the costs of suit herein; and

3. For reasonable attorneys fees.

ON THE SECOND CAUSE OF ACTION

1. For the principal sum of $99,527.61 against Defendants and each of them, together with interest thereon at the legal rate;

2. For the costs of suit herein; and

3. For reasonable attorneys fees.

ON THE THIRD CAUSE OF ACTION

1. For the principal sum of $99,527.61 against Defendants and each of them, together with interest thereon at the legal rate;

2. For the costs of suit herein; and

3. For reasonable attorneys fees.

ON THE FOURTH CAUSE OF ACTION

1. For the principal sum of $99,527.61 against Defendants and each of them, together with interest thereon at the legal rate;

2. For the costs of suit herein; and

3. For reasonable attorneys fees.

ON THE FIFTH CAUSE OF ACTION

1. For the principal sum of $99,527.61 against Defendants and each of them, together with interest thereon at the legal rate;

2. For the costs of suit herein; and

3. For reasonable attorneys fees.

ON THE SIXTH CAUSE OF ACTION

1. For the principal sum of $99,527.61 against Defendants and each of them, together with interest thereon at the legal rate;

2. For the costs of suit herein; and

3. For reasonable attorneys fees.

ON ALL CAUSES OF ACTION

1. For the costs of suit herein; and

2. For such other and further relief as the Court deems just and proper.

Dated: February 22, 2018                    BISNO MULVANEY, LLP

_____
By Peter Bisno, Esq.
Attorneys for Plaintiffs

**FIRST AMENDED COMPLAINT**