Jack W. Schwartz, Jr., State Bar No. 124506
Law Offices of Jack W. Schwartz Jr.
1588 Fitzgerald Drive #313
Pinole, California 94564
Telephone: (510) 275-3280
Email: jschwartzatty@gmail.com

Attorneys for Defendants PMA MEDIA GROUP, INC., a Utah corporation and CARD LIMITED, LLC a Utah limited liability company and Counter Claimant PMA MEDIA GROUP, INC., a Utah corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTER/MEDIA TIME BUYING CORPORATION, a California corporation; MEDIAPOINT NETWORK, INC. a California corporation; and INTER/IMAGE PRODUCTIONS, INC. a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PMA MEDIA GROUP, INC., a Utah corporation, individually and doing business as HIGH INTENT MARKETING; CARD LIMITED, LLC, a Utah Limited Liability Company, formerly known as CARD LIMITED, LLC a Florida Limited Liability Company, formerly known as CARD LIMITED CORP., a Florida Corporation, and DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | Case No: 2:17-cv-08630-ODW-GJS<br><br>State Court Case No. LC106336<br><br>Removal Date: November 29, 2017<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTER CLAIM.** |

COME NOW DEFENDANTS PMA MEDIA GROUP, INC., a Utah corporation ("*Defendant PMA*") and CARD LIMITED, LLC a Utah limited liability company ("*Defendant CARD LIMITED*") in the above captioned case and answer the Plaintiffs' First Amended Complaint (hereafter "*Complaint*") by generally denying all of the allegations in the Complaint

except as may be specifically admitted or denied, below, referring to paragraphs as numbered in Plaintiffs' Complaint. Defendants PMA and CARD LIMITED may hereafter collectively be referred to as "*Defendants*".

1. In response to Paragraph 1 of the Complaint, Defendants admit that this action was removed by Defendants on November 29, 2017, that this Court has diversity jurisdiction and that venue is proper.

2. In response to Paragraph 2 of the Complaint, Defendants lack sufficient knowledge to admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

3. In response to Paragraph 3 of the Complaint, Defendants lack sufficient knowledge to admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

4. In response to Paragraph 4 of the Complaint, Defendants lack sufficient knowledge to admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

5. In response to Paragraph 5 of the Complaint, Defendant PMA admits the allegations in this paragraph.

6. In response to Paragraph 6 of the Complaint, Defendant CARD LIMITED LLC admits the allegations in this paragraph. This paragraph does not raise allegations against Defendant PMA and therefore Defendant PMA is not required to respond to this paragraph.

7. In response to Paragraph 7 of the Complaint, Defendants lack sufficient knowledge to admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

8. In response to Paragraph 8 of the Complaint, Defendants lack sufficient knowledge to admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

9. In response to Paragraph 9 of the Complaint, Defendants lack sufficient knowledge to admit or deny the allegations and, on that basis, denies each and every allegation contained

therein.

10. In response to Paragraph 10 of the Complaint, Defendants lack sufficient knowledge to admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

11. In response to Paragraph 11 of the Complaint, Defendants admit that Defendant PMA is a Utah corporation doing business as HIGH INTENT MARKETING, that Defendant CARD LIMITED is a Utah limited liability company formerly known as Card Limited LLC a Florida limited liability company, formerly known as Card limited Corp. a Florida corporation. Defendants deny the remaining allegations in this paragraph.

12. In response to Paragraph 12 of the Complaint, Defendants admit that Defendant PMA does business as HIGH INTENT MARKETING and that Defendant CARD LIMITED is wholly owned by PMA. Defendants deny the remaining allegations in this paragraph.

13. In response to Paragraph 13 of the Complaint, Defendants lack sufficient knowledge to admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

14. In response to Paragraph 14 of the Complaint, Defendants lack sufficient knowledge to admit or deny the allegations and, on that basis, denies each and every allegation contained therein.

15. In response to Paragraph 15 of the Complaint, Defendants admit that defendant CARD LIMITED is owned by Defendant PMA. Defendants deny the remaining allegations in this paragraph.

16. In response to Paragraph 16 of the Complaint, Defendants aver that this paragraph states conclusions and, as such, such that Defendants are unable to respond substantively to this paragraph.

17. In response to Paragraph 17 of the Complaint, Defendants aver that this paragraph fails to state facts that require a response. To the extent that a substantive response is required, Defendants admit the allegations in this paragraph.

18. In response to Paragraph 18 of the Complaint, Defendants incorporate their

responses to Paragraphs 1 through 17 as though set forth in full.

19. In response to Paragraph 19 of the Complaint, Defendants admit that the referenced contract is a true and correct copy of the referenced contract and that the referenced contract speaks for itself. To the extent that the remaining allegations are inconsistent with the referenced contract, Defendants deny such allegations,

20. In response to Paragraph 20 of the Complaint, Defendants admit that the referenced contract is a true and correct copy of the referenced contract and that the referenced contract speaks for itself. To the extent that the remaining allegations are inconsistent with the referenced contract, Defendants deny such allegations,

21. In response to Paragraph 21 of the Complaint, Defendants admit that the referenced contract is a true and correct copy of the referenced contract and that the referenced contract speaks for itself. To the extent that the remaining allegations are inconsistent with the referenced contract, Defendants deny such allegations,

22. In response to Paragraph 22 of the Complaint, Defendants aver that no facts are alleged such that a response to this paragraph is required. To the extent that the allegations attempt to alter, modify or otherwise change each of the referenced contracts by combining them into one defined term, Defendants deny such allegations.

23. In response to Paragraph 23 of the Complaint, Defendants deny the allegations contained therein.

24. In response to Paragraph 24 of the Complaint, Defendants deny the allegations contained therein.

25. In response to Paragraph 25 of the Complaint, Defendants deny the allegations contained therein or that Defendants owe Plaintiffs the sums alleged or any sums at all.

26. In response to Paragraph 26 of the Complaint, Defendants aver that to the extent the allegations contradict the terms of each of the referenced contracts, Defendants deny the allegations contained therein.

27. In response to Paragraph 27 of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 17 as though set forth in full.

28. In response to <u>Paragraph 28</u> of the Complaint, Defendants are unable to admit or deny the allegations in this paragraph because the allegations fail to state specific facts with respect to each alleged oral agreement including, for example, date(s) agreed to by the parties, pricing of services and expiration dates.

29. In response to <u>Paragraph 29</u> of the Complaint, Defendants deny the allegations contained therein.

30. In response to <u>Paragraph 30</u> of the Complaint, Defendants deny the allegations contained therein.

31. In response to <u>Paragraph 31</u> of the Complaint, Defendants deny the allegations contained therein or that Defendants owe Plaintiffs the sums alleged or any sums at all.

32. In response to <u>Paragraph 32</u> of the Complaint, aver that to the extent the allegations contradict the terms of each of the referenced oral contracts, which specific terms and conditions have not been alleged, Defendants deny the allegations contained therein.

33. In response to <u>Paragraph 33</u> of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 32 as though set forth in full.

34. In response to <u>Paragraph 34</u> of the Complaint, Defendants deny the allegations contained therein.

35. In response to <u>Paragraph 35</u> of the Complaint, Defendants deny the allegations contained therein or that Defendants owe Plaintiffs the sums alleged or any sums at all.

36. In response to <u>Paragraph 36</u> of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 35 as though set forth in full.

37. In response to <u>Paragraph 37</u> of the Complaint, Defendants deny the allegations contained therein or that Defendants owe Plaintiffs the sums alleged or any sums at all.

38. In response to <u>Paragraph 38</u> of the Complaint, Defendants deny the allegations contained therein.

39. In response to <u>Paragraph 39</u> of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 38 as though set forth in full.

40. In response to <u>Paragraph 40</u> of the Complaint, Defendants deny the allegations

contained therein or that Defendants owe Plaintiffs the sum alleged or any sums at all.

41. In response to Paragraph 41 of the Complaint, Defendants deny the allegations contained therein or that Defendants owe Plaintiffs the sum alleged or any sum at all.

42. In response to Paragraph 42 of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 41 as though set forth in full.

43. In response to Paragraph 43 of the Complaint, Defendants deny the allegations contained therein or that Defendants owe Plaintiffs the sums alleged or any sums at all.

44. In response to Paragraph 44 of the Complaint, Defendants deny the allegations contained therein or that Defendants owe Plaintiffs the sums alleged or any sums at all.

45. In response to Plaintiffs' Request For Relief, Defendants deny that Plaintiffs are entitled to the amounts they seek or any amounts at all and that Plaintiffs recover nothing by way of their Complaint.

AFFIRMATIVE DEFENSES

1. As a FIRST SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action contained therein, Defendants allege that the parties that the parties reached an accord and satisfaction upon which Defendants paid all amounts due and owing to Plaintiffs.

2. As a SECOND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action contained therein, Defendants allege that the parties reached a settlement and Plaintiffs accepted Defendants' payment of the settlement amount as a full and complete settlement of the claims brought by Plaintiffs in this action.

3. As a THIRD SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action contained therein, Defendants allege that through the course and conduct of the parties during the term of the subject contracts, Plaintiffs waived strict compliance with the terms and conditions of the subject contracts.

4. As a FOURTH SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action contained therein, Defendants allege that Plaintiffs course of conduct during the terms of the subject contracts was fraudulent in that Plaintiffs claims as to the number of lead calls Plaintiffs claim were provided provided greatly exceeded the actual number of connected

calls and numerous leads that were unconvertable.

5.      As a FIFTH SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action contained therein, Defendants allege that based on their conduct in relation to the referenced contracts and/or the settlement reached with the Plaintiffs, Plaintiffs are estopped from seeking the damages alleged or any sum at all.

6.      As a SIXTH SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action contained therein, Defendants allege that the Plaintiffs' claims are barred by the doctrine of laches.

7.      As a SEVENTH SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action contained therein, Defendants allege that should Plaintiffs obtain a judgment in this action, Defendants are entitled to an off set based on monies owed to Defendants by Plaintiffs according to proof.

8.      As an EIGHTH SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action contained therein, Defendants allege that Plaintiffs have waived their right to collect the sums alleged or any sums at all.

9.      As a NINTH SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action contained therein, Defendants allege that they have paid any and all monies due Plaintiffs.

10.     As a TENTH SEPARATE AFFIRMATIVE DEFENSE to the Second Cause of Action contained in the Complaint, Defendants allege that the claim is barred in whole or in part by the California Code Of Civil Procedure §339 (two-year statute of limitation).

## COUNTERCLAIM

Defendant PMA, as Counter Claimant, asserts the following Counter Claim against Plaintiffs:

1.      On or about the date that Plaintiff Inter/media Time Buying Corporation ("*Plaintiff Inter/media*") and Defendant PMA entered into the PMA Media Group – Inter/media Master Advertising And Related Services Agreement ("*Master Contract*"), a copy of which is attached to the First Amended Complaint as Exhibit "1", Defendant PMA deposited Fifteen

Thousand and No/100 Dollars ("*Deposit*") with Plaintiff Inter/media.

2. Plaintiff Inter/media continues to hold the Deposit notwithstanding that the Master Contract has terminated. This Counter Claim is Defendant / Counter Claimant PMA's demand that the deposit be returned to Defendant / Counter Claimant.

3. Defendant / Counter Claimant PMA has been damaged in the amount of $15,000.00 plus interest at the legal rate from the date of termination of the Master Contract to the present, by Plaintiff Inter/media's wrongful failure to return Defendant PMA's deposit.

4. The Master Contract, at Paragraph 24, provides that should any litigation be commenced between the parties that the prevailing party will be entitled to recover a reasonable

///

///

///

sum of attorneys' fees (including in house counsel) which amount shall be determined by the Court in this litigation or in a separate action brought for that purpose.

WHEREFORE, Defendants and Counter Claimant pray as follows:

1. That Plaintiffs take nothing by reason of their First Amended Complaint, that judgment be rendered in favor of Defendants;

2. That Defendants be awarded attorneys' fees and costs of suit incurred in defense of this action;

3. That Counter Claimant PMA be awarded $15,000.00 plus interest at the legal rate from the date that the Master Contract was terminated to present;

4. That Counter Claimant PMA be awarded attorneys' fees and costs incurred in prosecuting its Counter Claim; and

5. For such other relief as the Court deems proper.

DATED: August 14, 2018                    LAW OFFICES OF JACK W. SCHWARTZ JR.

By:    ____/s/_____
JACK W. SCHWARTZ JR.
Attorneys for Defendants and Counter Claimant